**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW TAPLET, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> LAURA BROOKS; FIRST NAME UNKNOWN LOTHIAN; FIRST NAME UNKNOWN STALLMAN; JOHN WELLS; CHRIS MCMICHAEL, <br><br> Defendants - Appellees. | No. 10-35091 <br><br> D.C. No. 3:06-cv-00221-RRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted May 4, 2011[**]
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Plaintiff-Appellant Matthew Taplet appeals the district court's grant of

summary judgment dismissing his suit under 42 U.S.C. § 1983, which alleged that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prison officials exhibited deliberate indifference to his serious medical needs by failing to diagnose him with schizophrenia and to prescribe appropriate treatment. To prove deliberate indifference, a § 1983 plaintiff must show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that the "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted).

Taplet introduced (1) his medical records, which show that he has been diagnosed with schizophrenia in the past (though he has also been labeled a malingerer), (2) a preliminary expert report that lists the credentials of Taplet's expert witness and articulates the standard of care for prisoners suffering from mental health conditions, and (3) Taplet's own allegations claiming that prison officials exhibited deliberate indifference to his medical condition. Viewing the evidence in the light most favorable to Taplet, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), we conclude that Taplet's conflicting medical records are sufficient to demonstrate a genuine issue of material fact over whether he had a "serious medical need."

2

However, Taplet has not introduced sufficient evidence to support his claim that the prison officials' response to his alleged condition was deliberately indifferent. Although his preliminary expert report outlines the proper standard of care owed prisoners by prison officials, it explicitly did not "offer an opinion on the diagnosis or prognosis of the plaintiff," nor did it claim that the standard of care was violated in this case. The expert explicitly stated that he had "reviewed no materials related to the plaintiff." Only Taplet's own allegations support his claim of deliberate indifference, and "conclusory assertions are insufficient to avoid summary judgment." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1252 (9th Cir. 2010).

Finally, the district court did not abuse its discretion by declining to give Taplet additional opportunities for discovery. Taplet never submitted an affidavit setting forth the facts he sought to uncover, that those facts existed, and that they were essential to opposing summary judgment; this failure "'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

AFFIRMED.